IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

TRANSTELCO, INC.,

    Plaintiff,

vs.                                                Case No. 3:20-cv-8

ZAYO GROUP, LLC,

    Defendant.

### ZAYO GROUP, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1442, and 1446, Defendant Zayo Group, LLC ("Zayo") to the United States District Court for the District of Western District of Texas, El Paso Division, this case, pending as Case No. 2019DCV4746 in the District Court of El Paso County, Texas (the "State Court Action"). The grounds for removal are as follows.

### INTRODUCTION

Plaintiff Transtelco, Inc. ("Plaintiff") is a resident of Texas, asserting a claim for breach of contract against Zayo. Zayo is a Delaware limited liability company. Its sole member is Zayo Group Holdings, Inc., which is a Delaware corporation with its principal place of business in Boulder, Colorado. Removal is proper under 28 U.S.C. §§ 1332 and 1441, because Plaintiff and Zayo are of diverse citizenship and the claim asserted exceeds the $75,000 jurisdictional threshold.

**I. FILING AND SERVICE OF STATE COURT ACTION.**

1. On December 11, 2019, Plaintiff filed its Original Petition, Application for Temporary Injunction, and Request for Disclosure. All process, pleadings, and orders served upon Zayo are attached hereto as **Ex. 1**. *See* 28 U.S.C. § 1446(a).

- 2 -

2.      The Complaint alleges that Plaintiff and Zayo entered into an Conduit and Fiber Exchange Agreement, pursuant to which Transtelco would provide Zayo with an Indefeasible Right to Use certain conduits, innerducts, and fibers for installing a fiber optic cable from Tucson, Arizona, to El Paso, Texas (the "Agreement").  Plaintiff maintains that Zayo breached a restrictive covenant in the Agreement by leasing or otherwise granting to Telemex, a telecommunications company, "rights of use in the Transtelco Conduit and/or the fiber network and at least one of the innerducts installed by Zayo in the Transtelco Conduit, and is in the process of delivering capability to use such facilities to Telemex."  (Orig. Pet. at 1.)

3.      Zayo was served with the Complaint on December 23, 2019.  Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4.      A copy of this Notice of Removal is being filed concurrently with the Clerk of the District Court of El Paso County, Texas, and is being served on all counsel of record.  *See* 28 U.S.C. § 1446(a) and (d).

## II.     REMOVAL BASED ON DIVERSITY OF CITIZENSHIP JURISDICTION.

5.      This Court has original jurisdiction of this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and Zayo, and the amount in controversy, exclusive of interests and costs, exceeds $75,000.

### A.     There Is Complete Diversity Between Plaintiff and Zayo.

6.      A corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Plaintiff is a Texas corporation with its principal place of business in Texas.  (Orig. Pet. ¶ 2.)

7.      The citizenship of a limited liability company is determined by the citizenship of all of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Zayo's sole member, Zayo Group Holdings, Inc., is a citizen of Delaware and Colorado.

Accordingly, Zayo is not a citizen of the State of Texas, and there is complete diversity between Plaintiff and Zayo.

**B.     The Amount in Controversy Exceeds $75,000.**

8.     In its Original Petition, Plaintiff expressly seeks monetary relief over $1,000,000, excluding its costs and attorneys' fees.[1] (Orig. Pet. ¶ 8.) Accordingly, the amount in controversy exceeds the $75,000 jurisdictional threshold.

WHEREFORE, removal of the State Court Action to this United States District Court is proper because diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interests and costs.[2]

Dated:  January 10, 2020

Respectfully submitted,

/s/ *Kathleen C. Pritchard*
Kathleen C. Pritchard
State Bar No. 24098285
kathleen.pritchard@dgslaw.com
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone:     303.892.9400
Facsimile:      303.893.1379

*Attorney for Defendant Zayo Group, LLC*

---

[1] Moreover, in its Original Petition, Plaintiff "affirmatively pleads that this suit is not governed by the expedited-actions process in Rule 169." (Orig. Pet. ¶ 1.) Texas Rule of Civil Procedure 169 provides for expedited actions in all cases where the plaintiff "seek[s] only monetary relief aggregating $100,000 or less." TEX. R. CIV. P. 169(a)(1). By affirmatively pleading that Rule 169 does not apply, Plaintiff affirmatively pleaded an amount exceeding the $75,000 jurisdictional threshold.

[2] Zayo reserves its right to remove this case based on federal question jurisdiction within 30 days of first receipt of a pleading or paper from which it may ascertain that the case is removable on that basis as well.

- 4 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 10th day of January, 2020, I electronically filed the foregoing with the Clerk of Court using the Court's electronic filing system and that a copy of the foregoing was sent via U.S. Mail and electronic mail to the following counsel of record in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

    Stephen C. Rasch
    Stephen.Rasch@tklaw.com
    Connor R. Bourland
    Connor.Bourland@tklaw.com
    THOMPSON & KNIGHT, LLP
    1522 Routh St., Suite 1500
    Dallas, Texas 75201

                                                                  /s/ *Kathleen C. Pritchard*